```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

JOSE VASQUEZ, DENNIS MEJIA, AND  §
JULIO ORTIZ,                     §
                                 §
          Plaintiffs,            §
                                 §
VS.                              §   CIVIL ACTION H-12-3590
                                 §
PITA PAL INDUSTRIES, INC. AND    §
JOSEPH NOVON,                    §
                                 §
          Defendant.             §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause is a "motion for delay in response time" to "locate all files involved with the plaintiffs and to seek professional counsel" (instrument #9), filed *pro se* by Defendants Joseph Navon and Pita Pal Industries, Inc., and also signed by Melissa Navon, who is not a named Defendant. Stating that the docket sheet currently lists their residence as their address, Defendants also request the Court to order the Clerk to replace it with their business address.

Plaintiffs counsel has indicated to the Court's case manager that he does not oppose an extension of thirty days. The Court would point out to Defendants that in federal court, a corporation cannot proceed *pro se*, but must be represented by counsel. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 and n.4 (5th Cir. 2004), *citing Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)("the lower courts have uniformly held that 28 U.S.C. § 1654

-1-

. . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by counsel"). *See also Southwest Express Co. v. Interstate Commerce Commission*, 670 F.2d 53, 55 (5th Cir. 1982). As the Fifth Circuit has explained,

> Although 28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney.

*Memon*, 385 F.3d at 873*, citing Rowland*, 506 U.S. at 202. Nevertheless, the Fifth Circuit requires a court to warn a corporation that it must retain counsel or formally order it to do so before striking the pleadings of corporate defendant attempting to proceed without an attorney. *Id.*

First the Court

ORDERS that instrument #10, erroneously entered, is VACATED. Second, the Court

ORDERS that the motion for extension (#9) is GRANTED for thirty days from entry of this order for Defendants to gather their case-related materials and to obtain counsel for Pita Pal Industries, Inc. Defendants must show good cause for any further extension of time. Finally the Court

ORDERS the Clerk to substitute Defendants' business address and telephone number for that currently listed on the docket sheet: 3100 Canal Street, Houston, Texas 77003, telephone number 713-777-

7482.

**SIGNED** at Houston, Texas, this  15th  day of May , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE